IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ROY, on behalf of himself and
all others similarly situated,                    *

  Plaintiff,                    *          Civil Action No. RDB-13-3878

    v.                    *

WARD MANUFACTURING, LLC          *

and                    *

TITEFLEX CORPORATION,          *

  Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

   This class-action claim arises out of the presence of allegedly dangerous "Gastite®"

tubing and "Wardflex®" piping in residential and commercial structures in the State of

Maryland.  The Plaintiff, James Roy, on behalf of himself and two classes,[1] ("Plaintiffs") filed

a six-count Class Action Complaint (ECF No. 2) against the Titeflex Corporation

("Titeflex") and Ward Manufacturing, LLC ("Ward") (collectively "Defendants") asserting

strict liability pursuant to § 402A of the Restatement (Second) of Torts (Counts I and II),

negligence for design defect (Counts III and IV), and negligence for failure to warn (Counts

V and VI).  Defendants filed a Joint Motion to Dismiss (ECF No. 24), which is now fully

briefed.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local

---

[1] Plaintiffs define the two separate classes as "the owners of all residential and commercial structures with Wardflex®" and "the owners of all residential and commercial structures with Gastite®.  Compl. ¶¶ 13-14, EFC No. 2.

Rule 105.6 (D. Md. 2014).  For the reasons that follow, the Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

This case is essentially identical to the earlier filed case of *Hasley v. Ward Manufacturing, LLC*, which was dismissed with prejudice by this Court.  (RDB-13-1607, ECF Nos. 23 and 24, July 8, 2014).  The only distinction in this case is that Titeflex has been added as a second defendant.  This Court accepts as true the facts alleged in this Complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Titeflex and Ward both manufacture and distribute corrugated stainless steel tubing ("CSST").  *See* Compl. ¶¶ 2-3, EFC No. 2.  CSST is an ultrathin, flexible piping which is used to transport natural gas in residential and commercial buildings.  *See id.*  Titeflex's CSST is called Gastite®; Ward's is known as Wardflex®.  *See id.* ¶¶ 3-4.  Plaintiffs treat both companies' CSSTs as if they pose the same threats of injury.

The Plaintiff contends that CSST is dangerous because electrical energy from nearby lightning strikes can puncture a hole in the pipe and ignite the natural gas contained inside. *See id.* ¶¶ 38-40.  He further contends that Defendants were aware of this risk and failed both to take proper precautions and to warn Plaintiffs.  *See id.* ¶¶ 62-66, 71-75.  Based on these assertions, Roy claims that he and other purported class members have suffered damages.

## STANDARD OF REVIEW

When a defendant moves to dismiss a plaintiff's claim for lack of standing, courts commonly address the motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Payne v. Chapel Hill North Properties, LLC*, 947 F. Supp. 2d 567 (M.D.N.C. 2013).  A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a

court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When addressing such a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6)" motion to dismiss for failure to state a claim upon which relief can be granted. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Where the challenge is factual, the district court may look beyond the pleadings and "decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). This may entail the necessity of an evidentiary hearing.

In this case, the Defendants raise a facial challenge and not a factual challenge. In challenging the Plaintiff's standing, the Defendants do not challenge the veracity of the Plaintiff's allegations with respect to standing, but instead argue only that his allegations are inadequate to establish the jurisdiction of this Court. As such, Defendants' Motion raises a facial challenge, and this Court will determine whether the allegations in the Complaint, when taken as true, are sufficient to establish standing under the plausibility standard of Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662

(2009).  *See Zander v. U.S.*, 786 F. Supp. 2d 880, 883 (D. Md. 2011) (applying *Iqbal/Twombly*

standard to motion to dismiss for lack of subject matter jurisdiction pursuant to Rule

12(b)(1)); *see also Kerns*, 585 F.3d at 192.  Rule 12(b)(6) authorizes the dismissal of a complaint

if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is

"to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d

480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged

with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439

(4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working

principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*,

556 U.S. at 678.  First, while a court must accept as true all the factual allegations contained

in the complaint, legal conclusions drawn from those facts are not afforded such deference.

*Id.*  Second, a complaint must be dismissed if it does not allege "a plausible claim for relief."

*Id.* at 679.  Under the plausibility standard, a complaint must contain "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550

U.S. at 555.  Although the plausibility requirement does not impose a "probability

requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*,

679 F.3d 278, 291 (4th Cir. 2012).

ANALYSIS

Defendants assert several arguments in support of their Motion to Dismiss. They first contend that Plaintiffs lack standing to bring this claim, thereby leaving this Court without jurisdiction over this matter. *See* Motion to Dismiss 2, ECF No. 24. In the alternative, Defendants argue that Maryland's economic loss rule precludes Plaintiff's claim and that therefore Plaintiffs fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2] *See id.*

## I.    Standing

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l.*, 133 S.Ct. 1138, 1146 (2013). In order for plaintiffs to meet the case-or-controversy requirement they "must establish that they have standing to sue." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To meet the Constitutional minimum, the party invoking standing must establish the following three elements: (1) an injury-in-fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Supreme Court has held that an injury-in-fact must be "concrete, particularized, and actual or imminent." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). The Court has further clarified that "allegations of *possible* future injury" are not enough to constitute injury-in-fact. *Clapper*, 133 S. Ct. at 1147 (emphasis in original).

In the present case, Plaintiffs present neither actual injury nor any evidence that one is imminent. Plaintiffs set forth an extensive chain of unlikely events before establishing any

---

[2] Ward and Titeflex also argue: (1) Plaintiffs fail to plead the required elements of a claim for strict liability; (2) Plaintiffs have not alleged facts necessary to support a claim for negligent design defect; and (3) Plaintiffs have failed to plead a claim for failure to warn. Because this Court finds that Plaintiffs do not have standing and Maryland's economic loss rule bars this action, this Court need not address the other arguments in the Motion to Dismiss. *See Richardson v. Mayor & City Council of Baltimore*, No. RDB-13-1924, 2014 WL 60211, 4 (D. Md. Jan. 7, 2011).

potential injury.  *See* Compl. ¶¶ 38-40, EFC No. 2.  In order for Plaintiffs' alleged injury to

occur, lightning must first strike near the Plaintiffs' property and it must cause a small

puncture in the tubing wall of the CSST installed in their homes.  *Id.* at ¶ 39.  Then this

puncture must ignite the natural gas inside the tubing, and then the surrounding materials

must ignite and create an extensive fire.  *Id.* at ¶ 40.  Only then would Plaintiffs' alleged

threatened injury arise.  In fact, Plaintiffs disclose the unlikeliness of this chain of events by

revealing that out of the estimated five million American homes that utilize CSST, only one

hundred forty-one fires have been reported.  *Id.* at ¶¶ 37, 53.  Furthermore, Plaintiffs

contend that thousands of homes in Maryland contain CSST, but fail to explain whether any

home in Maryland has experienced a fire due to the installation of CSST.  *Id.* at ¶ 97.  This

threat of injury is far too speculative to reach the threshold of imminence.

     Plaintiffs attempt to favorably compare their case to a decision of the United States

Court of Appeals for the Fourth Circuit.  *See* Response in Opposition 3-4, EFC No. 31.

However, the facts of the cited case are wholly distinguishable from the case at hand.  In

*Friends of the Earth, Inc. v. Gaston Copper Recycling Corporation*, 204 F.3d 149, 160 (4th Cir. 2000),

the threat of harm was enough to satisfy the injury-in-fact element because the defendant

was discharging pollutants upstream from plaintiff's property, which adversely impacted the

quality of the water and the plaintiff's use of his lake.  The court concluded that this created

cognizable harm.  *Id.*  In the present case, there has been no harm to Plaintiffs' property and

they have not been deprived of the use of their property.

Accordingly, even when all inferences are drawn in favor of Plaintiffs, they have failed to make factual allegations demonstrating an injury-in-fact, and as such, they have no standing under Article III to pursue this action.

## II.   <u>Economic Loss Rule</u>

Alternatively, Defendants also urge this Court to dismiss Plaintiffs' claims based on Maryland's economic loss rule.  The Court of Appeals of Maryland has delineated three possible types of losses related to products liability: "(1) personal injuries, (2) physical harm to tangible things, and (3) intangible economic loss resulting from the inferior quality or unfitness of the product to serve adequately the purpose for which it was purchased." *A.J. Decoster Co. v. Westinghouse Elec. Corp.*, 634 A.2d 1330, 1332 (Md. 1994).  A plaintiff alleging only the third type, economic loss, is generally barred from bringing his claim under a products liability or any other type of tort theory.  *See Nat'l Labor College, Inc. v. Hillier Group Architecture N.J., Inc.*, 739 F. Supp. 2d 821, 832 (D. Md. 2010) ("Under the economic loss rule, courts generally will not permit negligence claims that allege only economic loss.").  In this case, Plaintiffs have asserted that the product is defective and that they will have to pay to absorb the cost of replacing or repairing the product.  *See* Compl. ¶ 94, EFC No. 2. Plaintiffs have not alleged any damage to their persons or property.  As these allegations assert solely economic loss, the claims are barred by Maryland law.  *See A.J. Decoster Co.*, 634 A.2d at 1332 (pure economic losses are not recoverable under tort law).

Plaintiffs argue this Court should nevertheless permit their claims to proceed based on the public safety exception to the economic loss rule.  *See* Response in Opposition 9-10, EFC No. 31.  Maryland courts apply a two-part test to determine if the public safety

exception is applicable. *See Morris v. Osmose Wood Preserving*, 667 A.2d 624, 631-32 (Md. 1995). A court must examine "the nature of the damage threatened and the probability of damage occurring to determine whether the two, viewed together, exhibit a clear, serious, and unreasonable risk of death or personal injury." *Id.* The "mere possibility" of injuries is not "legally sufficient" to sustain an action in tort, and the doctrine creates a limited exception meant to apply only in extraordinary circumstances. *See id.*

In the present case, the probability of damage occurring is extremely remote. As the Plaintiffs have admitted in their Complaint, only 141 fires involving lightning and CSST have been catalogued out of over five million homes containing CSST. *See* Compl. ¶ 53, EFC No. 2. In the face of a small probability of damages, Plaintiffs must allege a "*substantial risk* of death or serious physical injury*"* in order for the public safety exception to apply. *Morris* A.2d at 631-32 (emphasis added). Plaintiffs attempt to compare their case to *Council of Co-Owners Atlantis Condominium, Inc. v. Whiting-Turner Contracting Co.*, but that case is distinguishable from the circumstances here. 517 A.2d 336 (Md. 1986). The Court of Appeals of Maryland held that the defendant construction company in *Whiting-Turner* created a substantial risk of death to multiple residents in a twenty-one story residential building it had constructed because it did not adhere to fire codes. *Id.* at 338-39. In the instant case, Defendants' products meet numerous codes and standards, *see* Compl. ¶¶ 29-30, EFC No. 2, and any risk of fire is predicated upon the occurrence of unlikely events.[3] Plaintiffs have not pled facts upon which this Court can reasonably infer that the presence of CSST creates a

---

[3] Notably, in *Whiting-Turner*, any fire—irrespective of the cause—could have given rise to the threatened harm; whereas here, the risk only arises from a lightning strike in a specific location.

substantial risk of death or serious physical injury.  As such, the public safety exception is inapplicable.

CONCLUSION

For the reasons stated above, Defendants, Ward Manufacturing, LLC and the Titeflex Corporation's Joint Motion to Dismiss (ECF No. 24) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.


Dated:      August 22, 2014                    _____/s/_____

Richard D. Bennett
United States District Judge